IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2911-O-BD |
| | § | NO. 3-09-CR-0121-O(02) |
| JOSE INES GARCIA | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Jose Ines Garcia, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A). Punishment was assessed at 200 months confinement followed by a five-year term of supervised release. Although defendant waived his right to appeal and to seek post-conviction relief, he appealed his conviction and sentence. The appeal was dismissed as frivolous. *United States v. Garcia*, 438 Fed.Appx. 264, 2011 WL 3627719 (5th Cir. Aug. 16, 2011). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In multiple grounds for relief, defendant contends that his guilty plea was involuntary and that he received ineffective assistance of counsel at sentencing.[1]

---

[1] Notwithstanding his waiver, the plea agreement allows defendant to challenge the validity of his guilty plea and to bring a claim of ineffective assistance of counsel on collateral review. (*See* Gov't Resp. App., Exh. 1, Plea Agr. at 5, ¶ 11).

A.

Defendant argues that his guilty plea was unknowing and involuntary because: (1) defense counsel told him that his sentence would not exceed 120 months; (2) the plea agreement was one-sided and unfair; and (3) he did not understand the waiver of appellate rights.

1.

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *quoting Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him[.]" *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with the admonishments required under Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *See id.* at 627.

A guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980) (citing cases). "One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty." *United States*

*v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005), *citing Reed v. United States*, 354 F.2d 227, 229 (5th Cir. 1965). An attorney discharges this duty by informing the defendant of the relevant circumstances and the likely consequences of a plea. *Id., citing Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995). Advising a defendant about his potential exposure under the sentencing guidelines is necessarily part of this process. *Id.* However, an erroneous estimate by counsel as to the length of sentence, standing alone, does not vitiate an otherwise voluntary guilty plea. *See Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). As noted by the Fifth Circuit:

> A guilty plea is not rendered involuntary by the defendant's mere subjective understanding that he would receive a lesser sentence. In other words, if the defendant's expectation of a lesser sentence did not result from a promise or guarantee by the court, the prosecutor or defense counsel, the guilty plea stands.
>
> Likewise, a guilty plea is not rendered involuntary because the defendant's misunderstanding was based on defense counsel's inaccurate *prediction* that a lesser sentence would be imposed.

*Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir.) (internal citations omitted) (emphasis in original), *cert. denied*, 123 S.Ct. 286 (2002), *abrog. on other grounds*, *Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001). Only an actual promise by counsel that a lesser sentence will be imposed, as opposed to an erroneous prediction of leniency, renders a guilty plea involuntary. *See, e.g. Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989); *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987).

2.

The court initially observes that defendant does not allege that his attorney *promised* a lesser sentence if he pled guilty. Instead, defendant states only that he "was told by counsel that if he entered into a plea of guilty as outlined by the government, that he would receive a sentence **no greater** than 120-months." (*See* Def. Mem. Br. at 2) (emphasis in original). This allegation, even

if proved, is insufficient to render defendant's guilty plea involuntary. *See United States v. Young*, No. 3-11-CV-1766-O-BD, 2011 WL 6934961 at *2 (N.D. Tex. Oct. 28, 2011) (citing cases), *rec. adopted*, 2011 WL 6934960 (N.D. Tex. Dec. 28, 2011), *appeal filed*, No. 12-10070 (5th Cir. Jan. 18, 2012).

Moreover, before accepting his guilty plea, the trial judge admonished defendant:

> You should never depend or rely upon any statement or promise by anyone, whether connected with a law enforcement agency, or the Government, or anyone else as to what penalty will be assessed against you.
>
> Should you decide to plead guilty, your plea of guilty must not be induced or prompted by any promises, pressures, threats, force, or coercion of any kind. A plea of guilty must be purely voluntary and you should plead guilty only because you are guilty and for no other reason.

(Gov't Resp. App., Exh. 4, Rerraign. Tr. at 9-10). Defendant told the judge that he understood the explanations about the process and the consequences of pleading guilty. (*Id.*, Exh. 4, Rearraign. Tr. at 10). With respect to punishment, the judge informed defendant that upon conviction he faced a mandatory minimum sentence of not less than 10 years, and a maximum sentence of life imprisonment. (*Id.*, Exh. 4, Rearraign. Tr. at 15). Defendant indicated that he understood the range of punishment. (*Id.*, Ex. 4, Rearraign. Tr. at 16). The trial judge also explained to defendant the effect of waiving his right to appeal. After reading the entire waiver provision to defendant, the judge asked if he understood the effect of the waiver and gave him the opportunity to ask any questions. Defendant said that he understood the waiver and had no questions. (*Id.*, Exh. 4, Rearraign. Tr. at 17-19). This sworn testimony carries a strong presumption of verity in a subsequent post-conviction proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).

To the extent defendant argues that he did not understand the court proceedings because he does not speak English, the court observes that the guilty plea hearing was translated for defendant by a qualified Spanish language interpreter. (*See* Gov't Resp. App., Exh. 4, Rearraign. Tr. at 4). Other than his conclusory and self-serving statements, nothing in the record suggests that defendant's guilty plea was unknowing or involuntary. This ground for relief should be overruled. *See United States v. Samples*, No. 3-11-CV-1066-B-BD, 2011 WL 4907315 at *4 (N.D. Tex. Sept. 15, 2011), *rec. adopted*, 2011 WL 4907309 (N.D. Tex. Oct. 13, 2011), *appeal filed*, No. 12-10001 (5th Cir. Dec. 12, 2011) (conclusory assertions in section 2255 motion do not overcome presumption of verity attached to prior testimony that guilty plea was knowing and voluntary).

B.

Defendant contends that he received ineffective assistance of counsel at sentencing because his attorney: (1) did not challenge a three-level enhancement for his role in the offense; and (2) did not object to a firearms enhancement or the quantity of drugs for which defendant was held accountable.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.*, 104 S.Ct. at 2064-65. Second, the defendant must establish prejudice -- that he was subjected to increased jail

time due to the deficient performance of his attorney. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), *citing Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001).

2.

Defendant faults his attorney for withdrawing his objection to a three-level enhancement under U.S.S.G. § 3B1.1(b), which applies if the defendant was a "manager or supervisor" of criminal activity that involved "five or more participants or was otherwise extensive[.]" In the factual resume supporting his guilty plea, defendant identified at least *nine co-conspirators* and admitted that a co-defendant, Rogelio Salgado, "assisted [defendant] in his drug trafficking activities by receiving cocaine, distributing cocaine and collecting drug proceeds *on behalf of [defendant]*." (Gov't Resp. App., Exh. 2, Fact. Res. at 2) (emphasis added). These admissions are more than enough to show that defendant was a "manager or supervisor" of a drug distribution ring that involved five or more participants. Any objection to this sentence enhancement would have been futile. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997), *cert. denied*, 119 S.Ct. 418 (1998) (failure to make meritless objection cannot be grounds for ineffective assistance of counsel).

Similarly, counsel was not ineffective for failing to object to a firearms enhancement or the quantity of drugs for which defendant was held accountable. According to the PSR, defendant was accountable for 39 kilograms of cocaine, which resulted in a base offense level of 34 under U.S.S.G. § 2D1.1(c)(3). (*See* Gov't Resp. App., Exh. 3, PSR at 6, ¶ 34). Defendant also possessed a 9-millimeter Taurus pistol, which resulted in a two-level enhancement under U.S.S.G. § 2D1.1(b)(1). (*Id.*, Exh. 3, PSR at 6, ¶ 35). As best the court understands his claim, defendant contends the information contained in the PSR was obtained by the government in violation of a cooperation

agreement.[2] However, defendant has failed to show that either the quantity of drugs or the existence of a firearm was not known to the government *before* the parties entered into any such agreement. To the contrary, wiretap recordings made prior to defendant's arrest establish that he distributed at least 24 kilograms of cocaine in 2008 alone, (*see id.*, Gonzales Dec. at 2, ¶ 4), and include information that defendant possessed firearms. (*Id.*, Exh. 4, Sent. Tr. at 21-27). Counsel had no basis for objecting to these sentence enhancements.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] Under U.S.S.G. § 1B1.8(a):

> Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

DATED: March 7, 2012.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE